FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 03 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01740-BNB

ORLANDO CORTEZ CLARK,
    Plaintiff,

v.

ETHAN D. FELDMAN, County Court Judge,
18TH JUDICIAL DISTRICT OF COLORADO, a Political Subdivision of Colorado, and
CAROL CHAMBERS, Arapahoe County District Attorney,
    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Orlando Cortez Clark, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Clark has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of his state court criminal convictions. As relief Mr. Clark seeks damages and a certified affidavit acknowledging that the judge who presided over his state court criminal cases lacked authority to act as a district court judge. For the reasons stated below, the action will be dismissed.

The Court must construe the Prisoner Complaint liberally because Mr. Clark is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*.

Mr. Clark is challenging the validity of his convictions in two state court criminal cases in the Arapahoe County District Court. The relevant state court case numbers are 95CR1249 and 95CR1261. Mr. Clark specifically claims that the state court convictions were obtained in violation of his federal constitutional rights because Defendant Ethan D. Feldman, a county court judge in Arapahoe County, lacked authority to preside over Mr. Clark's felony cases in the Arapahoe County District Court. The Court notes that Mr. Clark unsuccessfully has challenged his state court criminal convictions in three prior habeas corpus actions in the District of Colorado. *See Clark v. Soares*, No. 03-cv-01351-PSF-PAC (D. Colo. July 28, 2004) (dismissing claims challenging 95CR1249 with prejudice as untimely); *Clark v. Soares*, No. 03-cv-01352-EWN-PAC (D. Colo. Nov. 29, 2005) (dismissing claims challenging 95CR1261 with prejudice as untimely); *Clark v. Milyard*, No. 09-cv-00653-ZLW (D. Colo. Apr. 8, 2009) (dismissing claims challenging both 95CR1249 and 95CR1261 for lack of jurisdiction), *request for certificate of appealability denied*, 341 F. App'x 353 (10th Cir. 2009).

Mr. Clark's claims challenging the validity of his state court criminal convictions in this § 1983 action must be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or

called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. In addition, the rule in *Heck* is not limited solely to claims for damages. In short, a § 1983 action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

There is no question that Mr. Clark is challenging the validity of his state court criminal convictions. It also is apparent that Mr. Clark has not invalidated the convictions he is challenging. Therefore, the Court finds that Mr. Clark's claims in this action are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because Plaintiff's claims are barred by the rule in *Heck*. It is

FURTHER ORDERED that the "Motion for Colorado Department of Corrections to Deduct 20% of Income" (Doc. #4) filed on July 26, 2011, is DENIED as moot.

DATED at Denver, Colorado, this __3rd__ day of ____August____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01740-BNB

Orlando Cortez Clark
Prisoner No. 91231
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 3, 2011.

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                             Deputy Clerk